Charles A. Jones, Esq., SBN 6698
Kelly McInerney, Esq., SBN 7443
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile:  (775) 853-6445
Caj@cjoneslawfirm.com
Kelly@cjoneslawfirm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD BARRETTA,<br><br>  Plaintiff,<br><br>v.<br><br>VTN NEVADA, a Nevada Corporation,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, *et seq.*; and<br><br>2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207. |

**I.**

**JURISDICTION AND VENUE**

1.    This Court has original jurisdiction over the claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court because the Defendant employed the Plaintiff in Washoe County, Nevada, the Plaintiff resides in Washoe County, Nevada, the Plaintiff performed work for Defendant in Washoe County, Nevada and many of the acts complained of herein occurred in Washoe County, Nevada.

## II.

## FACTUAL ALLEGATIONS

3. Defendant VTN NEVADA is a Nevada Corporation with its corporate headquarters and principal place of business located in Clark County, Nevada. Defendant VTN NEVADA is a civil engineering and land surveying firm which offers its surveys to various companies and entities in Nevada, California, Arizona and Idaho. At all times relevant hereto, Defendant was the employer of Plaintiff and was engaged in commerce for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* At all times material to this action Defendant has been an "employer" of Plaintiff, as defined by § 203(d) of the FLSA. At all times relevant hereto, Defendant authorized, suffered, and permitted Plaintiff to work in excess of forty (40) hours per week without paying Plaintiff overtime at the rate of one and one-half times his regular hourly rate of pay.

4. Plaintiff RICHARED BARRETTA ("Plaintiff" or "BARRETTA") is a natural person who is and was a resident of Washoe County, Nevada. At all times relevant hereto, Plaintiff was employed by Defendant as an hourly paid, non-exempt, land surveyor. Specifically, Plaintiff was employed by Defendant as an hourly paid, non-exempt, land surveyor between approximately 2009 and approximately July 29, 2014, when Plaintiff resigned from his employment with Defendant. From approximately August of 2009 through November of 2011, Defendant paid Plaintiff an hourly rate of $33.00 per hour. Beginning in approximately November of 2011 through the date of his resignation with the Defendant, Defendant paid Plaintiff an hourly rate of $35.00 per hour.

5. During the relevant three years preceding the date of the filing of this Complaint, Defendant employed Plaintiff as a land surveyor. During the relevant time period, Plaintiff provided land surveying services for South West Gas, through a contract between South West Gas and Defendant. During the relevant time period, Plaintiff worked alone in the field while providing land surveying services for South West Gas at various South West Gas sites located throughout Arizona, Nevada and parts of California. Despite the fact that he was providing land surveying services for South West Gas, Plaintiff was an employee of, and paid by, the Defendant.

6. During his employment with Defendant, Defendant authorized, suffered and permitted Plaintiff to work in excess of forty (40) hours per week without receiving overtime pay as required by the Fair Labor Standards Act. Specifically, Plaintiff was required to provide, and did provide, the number of hours he worked each week to Defendant via time cards issued by Defendant. In addition to the time cards, Plaintiff also sent weekly e-mails to his supervisor informing his supervisor of the number of overtime hours he worked each week, i.e., hours worked in excess of forty (40) hours per week. However, instead of paying Plaintiff one and one-half times his regular hourly rate for any hours worked in excess of forty (40) hours per week, Defendant offered to pay Plaintiff "compensatory time" which would be paid at his regular hourly rate without any overtime compensation at all. When Defendant informed Plaintiff that it would only pay him compensatory time in lieu of his overtime wages, Defendant stated to Plaintiff that such an arrangement would "allow the company to save money." In other words, Defendant wanted to give Plaintiff one hours' worth of time off for every hour of overtime worked by Plaintiff. Defendant did not offer to pay, or pay, one and one half times Plaintiff's regular rate of pay for each overtime hour worked by Plaintiff. The payment of compensatory time in lieu of overtime pay for all hours worked in excess of forty (40) hours per week, is in direct violation of the Fair Labor Standards Act. At all times relevant hereto, Plaintiff was not aware that the

payment of compensatory time in lieu of actual overtime pay for all hours worked in excess of forty (40) hours per week violated the law.

7. Despite the fact that Defendant authorized, suffered and permitted Plaintiff to work in excess of forty (40) hours per week, and was aware that Plaintiff frequently worked in excess of forty (40) hours per week as reflected both on his time cards and weekly e-mails sent to the Defendant, Defendant knowingly, intentionally and recklessly failed to pay Plaintiff overtime wages equal to one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours a week.

8. Specifically, during the three year statute of limitations period, Defendant failed to pay Plaintiff for over 1,300 hours of overtime that Defendant authorized, suffered and permitted Plaintiff to work. Both the Defendant and the Plaintiff are in the possession of records reflecting the actual hours worked, including overtime hours, and pay rates of Plaintiff. While Plaintiff is unable to state at this time the exact amount owed to him, Plaintiff proposes to obtain such information by appropriate focused discovery proceedings to be taken promptly in this action, and requests damages be awarded according to proof thus obtained and presented to the Court.

### III.

### FIRST CAUSE OF ACTION

Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq*.

9. Plaintiff re-alleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

10. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff is entitled to compensation at his regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

11. 29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: $7.25 an hour."

12. Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

13. By failing to compensate Plaintiff for all of his actual hours worked and instead attempting to pay Plaintiff with "Compensatory Time," Defendant failed to pay Plaintiff for all of his hours worked.

14. Defendant's unlawful conduct, as alleged herein, has been known, intentional, widespread, repeated, and willful. Plaintiff is informed, believes, and therefore alleges that Defendant knew that the illegal conduct alleged herein violated the Fair Labor Standards act and/or showed reckless disregard for whether its actions complied with the Fair Labor Standards Act.

15. Wherefore, Plaintiff demands that Defendant pay Plaintiff for all hours worked during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

IV.

SECOND CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

(On Behalf of Plaintiff and all members of the FLSA Collective Action Against All Defendants)

16. Plaintiff re-alleges and incorporates by this reference all of the paragraphs above in this Complaint as though fully set forth herein.

17. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

18. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such an employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendant is, and was, subject to the requirement to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendant violated the FLSA by failing to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week. Compensatory time in lieu of overtime pay is illegal and unlawful. See, 29 C.F.R. §553.20.

19. Exemptions from the requirement to pay overtime to employees are found at §§ 207 and 213 of the Fair Labor Standards Act. For example, 29 U.S.C. § 213 (a)(1) states that § 207 does not apply if the employee is employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman. In view of the remedial purpose of the FLSA, it is well settled that the various statutory exemptions are to be narrowly construed and that the burden is always on the employer to prove that its employees fall squarely within the scope of a particular exemption. In this case, Plaintiff did not qualify for any of the exemptions which would permit Defendant from failing to pay them overtime for all hours worked in excess of forty (40) hours per week.

20. Section 16(b) of the Fair Labor Standards Act [29 U.S.C. § 216(b)] states: "Any employer who violates the provisions of § 6 or § 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. The

court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

21.     Section 17 of the Fair Labor Standards Act [29 U.S.C. § 217] states: "The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of § 215 of this title, including in the case of § 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . . ."

22.     The statute of limitations for violations of the FLSA is three years if the violations are willful. At all times relevant hereto, Defendants have willfully and improperly failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week and instead attempted to force the Plaintiff to accept "Compensatory Pay." Defendant's unlawful conduct, as alleged herein, has been knowing, intentional, widespread, repeated, and willful. Plaintiff is informed, believes, and therefore alleges that Defendant knew that the illegal conduct alleged herein violated the Fair Labor Standards act and/or showed reckless disregard for whether its actions complied with the Fair Labor Standards Act. Plaintiff alleges that Defendant purposely elected not to pay Plaintiff for his overtime hours worked at the correct legal rate of pay and instead forced him to accept illegal "Compensatory Pay" in lieu overtime pay.

23.     Therefore, Plaintiff seeks unpaid overtime at time and one-half of his regular rate, liquidated damages in an equal amount, plus attorney's fees and costs for himself, from three years preceding the filing of this lawsuit until the date of judgment after trial, plus interest and costs as allowed by law.

## V.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff prays for relief as follows:

1. For damages according to proof for straight and overtime wages owed to Plaintiff at the applicable rate under federal law for all hours worked in excess of forty (40) hours per week;

2. For liquidated damages pursuant to 29 U.S.C. § 216(b);

3. For interest as provided by law at the maximum legal rate;

4. For reasonable attorneys' fees as authorized by statute;

5. For costs of suit incurred herein;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For such other and further relief as the Court may deem just and proper.

Dated August 4, 2014                    JONES LAW FIRM

                                        By: /s/ Charles A. Jones
                                        Attorneys for Plaintiff