# EXHIBIT 1

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into knowingly and voluntarily by and between Richard Barretta ("Plaintiff") and VTN Nevada ("Defendant" and, together with Plaintiff, the "Parties").

## RECITALS

A.   Plaintiff is a former employee of Defendant. Defendant employed Plaintiff as a land surveyor.

B.   Plaintiff filed a case styled as Barretta v. VTN Nevada, bearing case number 3:14-cv-00404, in the United States District Court for the District of Nevada (the "Lawsuit"). In the Lawsuit, Plaintiff alleges: (1) that Defendant failed to pay Plaintiff wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"); and (2) that Defendant failed to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207. Defendant denies the allegations raised in the Lawsuit.

C.   Defendant's position is that Plaintiff received all wages and overtime wages as required by the FLSA; that Plaintiff was not entitled to overtime wages because he qualified under the learned professional exemption, 29 U.S.C. § 213(a)(1), as an exempt employee; and that Plaintiff's claims are barred, in whole or in part, by the relevant statute of limitations.

D.   It is the intent of the Parties, though this Agreement, to resolve each and every dispute between them, including but not limited to those raised in the Lawsuit, those relating to the Parties' employment relationship, and the termination of that relationship.

## AGREEMENT

In consideration for the promises and agreement set forth in this Agreement and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### I.   SETTLEMENT PAYMENT

Defendant will pay Plaintiff and his counsel the gross total amount of $99,999.99 (the "Settlement Payment") within five (5) business days after the latter of the Court approving this Agreement or entering an Order of Dismissal with Prejudice of the Lawsuit. Payment of the gross total amount will be allocated as follows: (A) $33,051.37 in wages owed, minus appropriate withholdings; (B) $33,051.36 payable as liquidated damages and penalties and (C) $33,897.26 payable as attorney's fees and costs. Payment will be made by three checks. The first check for $33,051.37 less withholdings will be a payroll check made payable to Richard Barretta. The second check will be a regular check in the amount of $33,051.36 made payable to Richard Barretta.. The third check will be a regular check in the amount of $33,897.26 made payable to Charles A. Jones, Esq.. All checks will be sent to the Jones Law Firm, 9585 Prototype Court, Suite B, Reno, Nevada 89521.

## II.   COURT APPROVAL OF AGREEMENT/DISMISSAL OF THE LAWSUIT

The parties shall jointly file all necessary documents to seek Court approval of this Agreement, and to dismiss the Lawsuit with prejudice.

## III.   REPRESENTATIONS AND WARRANTIES

Plaintiff understands and expressly warrants that:

- Plaintiff has the sole right and exclusive authority to execute this Agreement;

- Defendant is not obligated to pay and will not pay the Settlement Payment until five (5) business days after the Court approves this Agreement or enters an Order of Dismissal with Prejudice of the Lawsuit;

- Plaintiff signs this Agreement knowingly and voluntarily, in order to induce payment of the Settlement Payment;

- Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement;

- No other person or entity, except Plaintiff's counsel, has or has had an interest in the claims, demands, obligations, or causes of action referred to in this Agreement;

- The Settlement Payment and the other consideration that Plaintiff will receive in exchange for signing this Agreement are in addition to anything of value to which Plaintiff is already entitled;

- The Settlement Payment provided for in this Agreement is all that Plaintiff will ever receive from Defendant or any Released Parties (defined below) for any and all claims, demands, obligations, or causes of action released in this Agreement;

- This Agreement and its terms shall not be construed as an admission of any liability whatsoever on the part of Defendant, or any Released Parties, by which any liability is and always has been expressly denied;

- As of the date of the execution of this Agreement, Plaintiff has not filed any administrative charges or lawsuits against Defendant or any Released Parties;

- As of the date of execution of this Agreement, Plaintiff has no work-related illness or injury, is medically stationary with no impairment of earning capacity, and has not filed any workers' compensation claims relating to his employment with Defendant.

## IV. RELEASE

**A.** Plaintiff for himself, his marital communities, if any, his agents, heirs, executors, administrators, and assigns, knowingly and voluntarily fully releases and discharges forever from any and all agreements, debts, claims, charges, demands, actions, judgments, causes of action, and liability of every kind of nature, known or unknown, that Plaintiff individually or as a member of a class, ever had or now have against Defendant; its parent, subsidiary, and affiliated entities; and all of its past and present directors, owners, officers, partners, members, managers, consultants, agents, shareholders, employees, attorneys, accountants, and insurers; and the predecessors, successors, and assign of the above entities or individuals and the spouses of these individuals (collectively referred to as the "Released Parties").

**B.** Without limiting the generality of Paragraph IV.A, Plaintiff knowingly and voluntarily releases any and all claims arising under the Civil Rights Acts of 1866, 1871, 1964 and 1991; 42 U.S.C. § 1981; the Employee Retirement Income Security Act of 1974; the Fair Labor Standards Act; the Rehabilitation Act of 1973; the Occupational Safety and Health Act; the Health Insurance Portability and Accountability Act; the Age Discrimination in Employment Act; the Americans with Disabilities Act; the National Labor Relations Act; the Family and Medical Leave Act; the Equal Pay Act; the Worker Adjustment and Retraining Notification Act; Nevada's wage payment statutes; Nevada's workers' compensation statutes; Nevada's civil rights statutes, including Nevada's Equal Opportunities for Employment Act, NRS 613.310 *et seq.*; any whistleblower statute; any statute concerning the making or enforcing of contracts; and all similar provisions under all other federal, state, and local laws.

**C.** Without limiting the generality of Paragraphs IV.A and .B, Plaintiff also voluntarily releases all equitable claims and all common law claims, including without limitation claims of or for breach of an express or an implied contract; breach of the covenant of good faith and fair dealing; unpaid wages, salary, commissions, incentive pay, fringe benefits, severance, vacation, bonuses, or other benefits; unjust enrichment; negligent or intentional interference with contractual relations; negligent or intentional interference with prospective economic relations; estoppel; fraud; negligence; negligent or intentional misrepresentation; personal injury; slander; libel; defamation; false light; injurious falsehood; invasion of privacy; wrongful discharge; failure to hire; retaliatory discharge; constructive discharge; negligent or intentional infliction of emotional distress; negligent hiring, supervision, or retention; loss of consortium; attorneys' fees; liquidated damages; punitive damages; and any claims that may relate to drug and/or alcohol testing.

**D.** Plaintiff further acknowledges and agrees that the release contained in this Agreement is a general release, and that he further waives and assumes the risk of any and all claims which exist as of this date, including those which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to sign this Agreement.

E.  This Agreement shall not be interpreted to release or require the release of Defendant, or the Released Parties, from any claims or rights arising after the date this Agreement is signed.

## V. TAXABILITY

The portion of the Settlement Payment for wages owed -- $33,051.37 -- is subject to appropriate withholdings for the employee's share of applicable state and federal taxes. Defendant, its counsel, and its accountants have not made any representation(s) regarding the taxability of the balance of the Settlement Payment. Plaintiff represents that he has had an opportunity to receive independent legal and tax advice regarding the taxability of the balance of the Settlement Payment and has not relied upon any representation(s) of Defendant, its counsel, or its accountants on that subject. Plaintiff understands and expressly agrees that in the event any income or other taxes, including any interest and/or penalties, are determined to be owed by him as a result of the above-referenced payments or as a result of any violation by him of any reporting obligations arising from or attributable to said amounts, Plaintiff is solely responsible for the payment of such amounts.

## VI. ATTORNEYS' FEES AND COSTS

In the event of litigation arising out of any alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

## VII. NO RE-EMPLOYMENT

Plaintiff acknowledges and agrees that he will not apply for employment with or accept employment in any capacity at any location of Defendant.

## VIII. WAIVER

No waiver of any of the terms of this Agreement shall constitute a waiver of any other terms, whether or not similar, nor shall any waiver be a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver. The Company or Plaintiffs and Opt In Plaintiffs may waive any provision of this Agreement intended for its/her/his benefit, but such waiver shall in no way excuse the other from the performance of any of its/her/his other obligations under this Agreement.

## IX. CHOICE OF LAW

The Parties agree that this Agreement shall be interpreted and construed in accordance with the laws of the State of Nevada, insofar as federal law does not control.

## X. ENTIRE AGREEMENT

This Agreement contains the sole and entire understanding between the Parties and supersedes all prior and contemporaneous agreements and understandings, oral or written, relating to the subject matter of this Agreement. The Parties expressly acknowledge and agree

that the other party did not make, directly or indirectly, any representations whatsoever, express or implied, other than those contained in this Agreement.

## XI. SUBSEQUENT MODIFICATIONS

The terms of this Agreement may be altered or amended, in whole or in part, only upon the written consent of all Parties to this Agreement. No oral agreement may modify any term of this Agreement.

## XII. CONSTRUCTION

This Agreement is intended to express the mutual intent of the Parties, and irrespective of the identity of the party or counsel or representative who prepared this document, no rule of strict construction shall be applied against any party.

## XIII. SEVERABILITY

In the event that any provision(s) of this Agreement is found to be unenforceable for any reason whatsoever, the unenforceable provision shall be considered to be severable, and the remainder of this Agreement shall continue in full force and effect.

## XIV. BINDING EFFECT

This Agreement shall be binding upon and operate to the benefit of Plaintiff, Defendant, the Released Parties, and their successors and assigns.

## XV. EXECUTION

This Agreement may be executed in counterparts with the same force and effect as if all signatures appeared on one document.

| Dated: _____, 2014 | VTN Nevada, A Nevada Corporation<br>By: _____<br>Its: _____ |
|---|---|
| Dated: 09/25, 2014 | /s/ Richard Barretta<br>Richard Barretta |

that the other party did not make, directly or indirectly, any representations whatsoever, express or implied, other than those contained in this Agreement.

## XI. SUBSEQUENT MODIFICATIONS

The terms of this Agreement may be altered or amended, in whole or in part, only upon the written consent of all Parties to this Agreement. No oral agreement may modify any term of this Agreement.

## XII. CONSTRUCTION

This Agreement is intended to express the mutual intent of the Parties, and irrespective of the identity of the party or counsel or representative who prepared this document, no rule of strict construction shall be applied against any party.

## XIII. SEVERABILITY

In the event that any provision(s) of this Agreement is found to be unenforceable for any reason whatsoever, the unenforceable provision shall be considered to be severable, and the remainder of this Agreement shall continue in full force and effect.

## XIV. BINDING EFFECT

This Agreement shall be binding upon and operate to the benefit of Plaintiff, Defendant, the Released Parties, and their successors and assigns.

## XV. EXECUTION

This Agreement may be executed in counterparts with the same force and effect as if all signatures appeared on one document.

| Dated: _____, 2014 | VTN Nevada, A Nevada Corporation<br>By: _____<br>GENE D. KRAMETBAUER<br>Its: PRESIDENT |
|---|---|
| Dated: _____, 2014 | Richard Barretta |